IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-45943 |
| | ) | |
| CHARLES MARKOPOULOS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |
| | ) | Hearing Date: October 25, 2017 |
| | ) | Hearing Time: 10:30 a.m. |
| | ) | Room No.: 744 |

**COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF
FRANKGECKER LLP, COUNSEL TO FRANCES GECKER,
CHAPTER 7 TRUSTEE OF THE ESTATE OF CHARLES MARKOPOULOS**

Name of Applicant:    FrankGecker LLP

Authorized to Provide Professional    Frances Gecker, Chapter 7 Trustee of the Estate of
Services to:    CHARLES MARKOPOULOS

Period for Which    January 14, 2013 through August 31, 2017
Compensation is Sought:

Amount of Fees Sought:    $53,392.50

Amount of Expense    $76.36
Reimbursement Sought:

This is a:    First and Final Fee Application

The aggregate amount of fees and expenses *paid* to FrankGecker LLP to date for services rendered and expenses incurred in connection with Case No. 12-45943 is: $0.00.

{MARKO/001/00046072.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-45943 |
| | ) | |
| CHARLES MARKOPOULOS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |
| | ) | **Hearing Date:** October 25, 2017 |
| | ) | **Hearing Time:** 10:30 a.m. |
| | ) | **Room No.:** 744 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on **October 25, 2017**, at **10:30 a.m.**, we shall appear before the Honorable Timothy A. Barnes, or such other judge as may be sitting in his stead, in Courtroom 744 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached **First and Final Fee Application of FrankGecker LLP as Counsel to Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of Charles Markopoulos for Compensation and Reimbursement of Expenses**.

Dated: September 20, 2017

                                            Respectfully submitted,

                                            FRANKGECKER LLP

                                            By:    /s/ *Micah R. Krohn*
                                                        One of its attorneys

Micah R. Krohn (6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Phone: (312) 276-1400
Fax:    (312) 276-0035
mkrohn@fgllp.com

{MARKO/001/00046072.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CHARLES MARKOPOULOS, | ) | No. 12-45943 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |

**FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP,
COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE
OF THE BANKRUPTCY ESTATE OF CHARLES MARKOPOULOS**

FrankGecker, LLP ("FG"), counsel to Frances Gecker, solely as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Charles Markopoulos (the "Debtor"), hereby submits this first and final fee application (the "Application") for compensation and reimbursement of expenses pursuant to 11 U.S.C. §§ 330 and 507(a)(1) for legal services performed and expenses incurred as the Trustee's attorneys during the period commencing January 14, 2013 through and including August 11, 2017 (the "Application Period"). In support hereof, FG respectfully represents as follows:

## INTRODUCTION

1. On November 20, 2012 (the "Petition Date"), the Debtor filed a voluntary Chapter 7 bankruptcy petition. On February 26, 2013, the Court entered order authorizing the Trustee to employ the firm of FrankGecker LLP ("FG") as her attorneys retroactive to January 14, 2013 [Dkt. No. 15].

2. Prior to the Petition Date, the Debtor owned an eighty percent (80%), non-voting membership interest (collectively, the "Interest") in each of the following Illinois limited liability companies (each, a "Company"): (1) Galewood Plaza, LLC; and (2) Triangle Plaza of Chicago II, LLC.

3.  On March 6, 2013, the Trustee filed her Motion to Approve Sale Subject to Higher or Better Offers (the "Sale Motion") [Dkt. No. 17]. Pursuant to the Sale Motion, the Trustee sought to sell the Interest to Steffan A. Aliferakis ("Aliferakis"), for the purchase price of $130,000.00, subject to higher and better offers.

4.  Subsequent to the filing of the Sale Motion, the Trustee received competing bids to purchase the Interest and Aliferakis increased the amount of his bid to $400,000.00. FG coordinated and negotiated the higher bid for the Interest. On April 18, 2013, the Trustee filed the Trustee's Motion to Approve Sale of Debtor's Membership Interests to Steffan A. Aliferakis (the "Second Sale Motion") [Dkt. No. 35]. On April 23, 2013, this Court entered an order approving the Second Sale Motion [Dkt. No. 38].

5.  This Application sets forth in detail the work performed by FG and the time spent in connection with this case, from January 14, 2013 through August 11, 2017. To aid the Court in its review of the Application, FG has divided the Application into three parts. Part I describes the practical and legal issues encountered by FG, and the actions taken and results obtained by FG. Part II describes counsel's qualifications and areas of special expertise. Part III describes the manner in which the fees and costs were calculated.

I.  **SERVICES PERFORMED**

  A.  **Administration**                                   **$3,484.50**

Trustee's counsel spent **9.60** hours at a cost of **$3,484.50** on general case administration matters. This category includes all general case administration matters including motion to extend time to object to exemptions and discharge, reviewing potential and actual tax liabilities, review of work in process and preparation of reports.

**B.    Asset Analysis**                                                                $13,560.00

Trustee's counsel spent **36.20** hours at a cost of **$13,560.00** on matters related to asset analysis and recovery. The Debtor's business interests and limited liability companies ("LLCs") presented the largest potential source of recovery. During this Application Period, counsel participated in the investigation and research of Debtor's LLCs, the reviewing of various business entities, open tax obligations, and outstanding debt attached to the Debtor's assets.

**C.    Claims Review/Objections**                                                      $7,484.00

FG spent **18.00** hours at a cost of **$7,484.00** in reviewing and analyzing claims filed in the bankruptcy case. FG reviewed, analyzed and negotiated the reduction of those claims.

**D.    Court Appearances**                                                             $3,055.00

FG spent **8.20** hours at a cost of **$3,055.00** in preparing and attending court hearings on various motions filed by the Trustee, including a projected court appearance for the Trustee in regards to the final report and final applications for compensation.

**E.    Retention of Professionals/Fee Applications**                                   $4,338.50

Counsel spent **19.00** hours at a cost of **$4,338.50** in the preparation of motions to employ counsel and accountant for the Trustee. Additionally, FG prepared and filed the first and second fee applications for the Trustee's accountant and the first and final fee application of FG.

**F.    Sale of Assets**                                                                $21,470.50

Counsel spent **58.20** hours at a cost of **$21,470.50** on the sale of Debtor's interest in the LLCs which netted the estate $400,000.00. FG reviewed offers to purchase, prepared a due diligence package for potential buyers and communicated with multiple potential purchasers regarding the sale and auction procedures consistent with the applicable provisions of 11 U.S.C.

§ 363. FG also conferred with counsel for First Midwest Bank with respect to its consent to any sale pursuant to the covenants in its promissory notes and guaranties. FG prepared and filed a motion to approve bidding procedures and a motion to approve the sale of Debtor's interest in the LLCs. Finally, FG prepared for and coordinated closing of the sale to the winning bidder.

II. **ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**

A. Micah R. Krohn (MRK) is senior counsel at FrankGecker. Mr. Krohn graduated from the Cardozo School of Law in 1992 and served as law clerk to the Hon. Erwin I. Katz. Mr. Krohn has been involved in the day-to-day representation of the Trustee.

B. Zane L. Zielinski (ZLZ) was an associate at FG. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

C. Reed Heiligman (RH) is an associate at FG. Mr. Heiligman is a graduate of The John Marshall Law School where he served as Managing Editor of The John Marshall Law Review. Mr. Heiligman regularly represents secured and unsecured creditors, creditors' committees and bankruptcy trustees.

D. Michael H. Matlock (MHM) is a bankruptcy paralegal at FrankGecker LLP. A graduate of the University of Oklahoma, Mr. Matlock has over 25 years of experience working in bankruptcy matters in debtor, creditor and trustee cases.

E. Christina Smith (CSS) is a paralegal at FG. Ms. Smith assisted counsel with case research and case administration. Ms. Smith has worked as a paralegal specializing in bankruptcy for over fifteen years.

III. **CALCULATION OF TIME AND FEES**

This is FG's First and Final Application for compensation and reimbursement of expenses in representing the Trustee in this case. It covers the period from January 14, 2013 to

{MARKO/001/00046072.DOC/}    4

and including August 11, 2017. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services rendered for the benefit of the Trustee and the Debtor's bankruptcy estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibit, the attorneys and paralegals at FG have spent a total of **149.20** hours providing necessary legal services for the Trustee. FG requests compensation in the amount of **$53,392.50** for actual, necessary legal services performed, as itemized in **Exhibit A**. The blended hourly rate is **$357.86**. Additionally, counsel has expended the sum of **$76.36** for actual, necessary expenses incurred in representing the Trustee, as itemized in **Exhibit A**.

In preparing this fee application, counsel has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts which are kept on each client. The hourly rates charged are the regular hourly rates charged by counsel to its clients. Counsel worked to avoid any duplication of efforts between parties, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement. Multiple representation in analogous circumstances has been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Manufacturing Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

Counsel does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing or photocopying; instead, such expenses are factored into counsel's normal and customary rate. Counsel does not include charges for long

distance telephone, photocopying or computer research in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, counsel's non-bankruptcy clients routinely are billed and pay these types of expenses. See *In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

No compensation has been promised to counsel other than as disclosed or approved by this Court. Counsel certifies that there is no agreement between it and any other party regarding the sharing of fees except with counsel's general partners, and counsel has not discussed or negotiated the amount of its fees with any party except its client. Finally, counsel represents that it is and remains a disinterested party and does not hold any adverse relationship with this estate.

WHEREFORE, FrankGecker LLP, respectfully requests that this Court enter an Order:

A.   Allowing FrankGecker LLP final compensation for legal services provided to the Trustee in the amount of **$53,392.50**;

B.   Allowing FrankGecker LLP final reimbursement of expenses incurred in the amount of **$76.36**;

C.   Authorizing the Trustee to pay FrankGecker LLP total compensation in the amount of **$53,468.86**; and

    D.    Granting such other relief as the Court deems just and equitable.

Dated: September 20, 2017

Respectfully submitted,

FRANKGECKER LLP

By:     /s/ Micah R. Krohn
            One of its attorneys

Micah R. Krohn (IL Bar No. 6217264)
FrankGecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Phone: (312) 276-1400
Fax:   (312) 276-0035
mkrohn@fgllp.com